1  Nicolas S. Gikkas (SBN 189452)
   nsg@gikkaslaw.com
2  Stanley H. Thompson, Jr. (SBN 198825)
3  st@gikkaslaw.com
   **THE GIKKAS LAW FIRM, P.C.**
4  800 W. El Camino Real, Suite 180
5  Mountain View, California 94040
   Telephone: (650) 815-7085
6  Facsimile: (650) 618-2600
7
8  *Attorneys for Plaintiff*
   *HK Gelite Intelligent Technology Ltd.*
9

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| HK GELITE INTELLIGENT TECHNOLOGY LTD., | Civil Action No. 2:26-cv-01399 |
|---|---|
| Plaintiff, | **DECLARATORY JUDGMENT COMPLAINT FOR PATENT NON-INFRINGEMENT** |
| v. | |
| JOLUX LIGHTING LLC and FUJIAN YDJ LIGHT CO., LTD., | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff HK Gelite Intelligent Technology Ltd. ("HK Gelite" or "Plaintiff") files this declaratory judgment complaint against Defendants Jolux Lighting LLC ("Defendant Jolux") and Fujian YDJ Light Co., Ltd. ("Defendant Fujian") (collectively, "Defendants") and alleges as follows:

## NATURE OF THE ACTION

1. This action is based on the Patent Laws of the United States, 35 U.S.C. § 1, *et seq.* and the United States Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

2. This action arises out of the actual and justiciable case or controversy that exists between Plaintiff and Defendants, arising out of Defendants' patent assertion efforts against Plaintiff's lawful activities based on a patent of which no valid claims are infringed and for which no relief is legally warranted.

## THE PARTIES

3. Plaintiff is a company based in China, with its principal place of business at 9/F Wah Hen Commercial Centre, Office A, Nos. 381-383, Hennessy Road, Hong Kong 999077, China.

4. On information and belief, Defendant Jolux is a company with its principal place of business at 75 E. 3rd Street, Sheridan, Wyoming 82801. On information and belief, as of December 14, 2025, Defendant Jolux is currently an

unincorporated association, having recently lost its limited liability company protection and does not have a registered agent for service of process.

5. On information and belief, Defendant Fujian is a company based in China, with its principal place of business at Zhenfeng Industrial Zone, Xiangqian Town, Minhou County, Fuzhou, Fujian 35001, China.

## JURISDICTION AND VENUE

6. This action arises under the United States Patent Act, 35 U.S.C. § 1, *et seq*. Plaintiff brings this civil action against Defendant under 28 U.S.C. §§ 2201 and 2202 to obtain declaratory judgment of non-infringement with respect to United States Patent No. 12,455,066 ("the '066 Patent" or "the patent-in-suit"). Attached hereto as Exhibit 1 is a true and correct copy of the '066 Patent.

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338, 2201, and 2202.

8. The Court has personal jurisdiction over the parties, and venue in this judicial district is proper under 28 U.S.C. §§ 1391 and/or 1400. Defendants have directed their patent assertion campaign at Plaintiff in this judicial district by, inter alia, seeking to enjoin Plaintiff's business by reporting Plaintiff as an alleged infringer of the '066 Patent through a private, third-party tribunal (discussed below). This process carries significant legal and business consequences to Plaintiff based on Defendants'

allegations that Plaintiff has infringed the '066 Patent by making, using, selling, offering to sell, and/or importing allegedly infringing goods in, from, and into the state of California.

9. On or about November 4, 2025, third-party Amazon.com, Inc. ("Amazon") sent HK Gelite a notice of an allegation of infringement from Fujian and additional information on the Amazon Patent Evaluation Program (APEX). The email from Amazon required Plaintiff to respond within three-weeks with a signed agreement. Unfortunately, this email was automatically sent to the company's spam folder and not retrieved until after the three-week deadline to respond stated in the email.

10. On or about November 26, 2025, Plaintiff received a second notice from Amazon that an allegation had been made that it was infringing the '066 patent and that Amazon was initiating an e-commerce enforcement action ("Amazon Complaint" or "deactivation notice") against Plaintiff in order to terminate Plaintiff's commercial activities in the Amazon marketplace, which accounts for a significant portion of Plaintiff's business. The products removed are identified by the following Amazon Standard Identification Numbers ("ASINs"): B0F48HP748, B0DQLCBP79, B0F7XWY6HV and B0F7XVQDN1 ("the Accused Products"). Attached as <u>Exhibit 2</u> is a true and correct copy of the notification of the Amazon Complaint sent to Plaintiff.

11. Plaintiff's counsel responded to Amazon contesting the violations of the '066 patent, seeking to enter the APEX process, and sent a cease and desist letter to the Defendants' email address identified in the Amazon Complaint. The counsel communications to Amazon and the Defendants were supported with non-infringement charts. Notwithstanding the foregoing, Amazon rebuffed the request to enter the APEX process and took down the links to the Accused Products. Defendants never responded to the cease and desist letter.

12. Amazon quarantined the inventory of the Accused Products and will have them destroyed by February 24, 2026, if the Accused Products are not removed. Attached as Exhibit 3 is a true and correct copy of the Amazon Inventory Report regarding the Accused Products with a total value of $68,000 and showing the upcoming date of the disposal.

13. Amazon sent an email to HK Gelite with an invitation to resolve the dispute through the Amazon Patent Evaluation Express (APEX) program. However, Amazon's email went to a spam folder and was accessed by HK Gelite only after Amazon's three-week deadline to respond. HK Gelite's later requests for Amazon to initiate the APEX program after the deadline were rebuffed. On information and belief, Amazon has policies in place that were triggered by at least Defendant Jolux, leading directly to the suspension of Plaintiff's Amazon storefront the removal or

destruction of the Accused Products. On information and belief, Defendant Jolux has not submitted a retraction to Amazon regarding its allegations of infringement. Without such a retraction, Amazon requires "[a] court order stating that you [HK Gelite] are allowed to sell the [accused] products and hence are not violating Amazon policy for each of the listings mentioned in the deactivation notification." *See* Exhibit 2. HK Gelite's appeals to Amazon to reconsider its actions were rebuffed.

14. According to the assignment records at the United States Patent and Trademark Office ("USPTO"), both Defendants are the owners of the '066 patent and are the only entities who have legal standing to enforce the '066 patent. Attached as Exhibit 4 is a true and correct copy of select assignment records from the USPTO related to the '066 patent.

15. The enforcement action by Defendants through Amazon occur in this District and are directed to enjoining the sale of the Accused Products.

16. Amazon has warehouse operations called "Amazon Fulfillment Centers" located in this District where the Accused Products are shipped into, stored and shipped out of, for purposes of sale to customers buying from Amazon's virtual storefront at Amazon.com. Plaintiffs' patent enforcement actions, enjoining through Amazon the sale of the Accused Products, occur at the following Amazon Fulfillment Centers: LAX9 (Fontana, California), ONT2 (San Bernardino, California), ONT8

(Moreno Valley, California), POC3 (Jurupa Valley, California) and SBD1 (Bloomington, California). Amazon has informed Plaintiff that Amazon will dispose of the Accused Products by February 24, 2026.

17. Therefore, Defendants' enforcement of the '066 Patent through third-party Amazon was aimed to affect marketing, sales, shipping, and other activities happening in this District.

18. By initiating the Amazon Complaint against HK Gelite, Defendants availed themselves of the laws of the state of California and knew their actions would harm HK Gelite in this District. Defendants' Amazon complaint constitutes unfair competition directed at Plaintiff in California and prejudices Plaintiff's ability to conduct business in California. Defendants seek to disrupt the stream of commerce originating in California *vis-à-vis* Plaintiff's goods. Moreover, on information and belief, Defendant Jolux purposefully avails itself of the privilege of conducting activities within California, including this District, by offering for sale and selling products in this District through its own Amazon storefront.

19. Venue in this judicial district is proper, *inter alia*, as a substantial part of the events giving rise to this declaratory judgment claim occurred in this judicial district. The legal rights that were violated as complained herein exist in California,

and a substantial part of the improper restraint of trade with anticompetitive effects on the market occurred in California.

## PLAINTIFF AND ITS RIGHTS

20. HK Gelite is a trading company that exports affordable products to many countries, including to customers in California and the United States generally. These goods include lamp products. HK Gelite has been selling products since March 2024.

21. HK Gelite also does substantial business marketing and selling its Accused Products on the Amazon storefront. HK Gelite has earned further substantial business and goodwill utilizing the Amazon platform based on HK Gelite's products.

22. HK Gelite has at all times acted in good faith with respect to Defendants' alleged patent rights. Plaintiff's Accused Products do not infringe the '066 Patent because none of the Accused Products possess all the elements and limitations of any claim of the patent-in-suit.

23. The '066 patent claims a "multi-stage adjustable telescopic lamp." Claims 1-9 of the patent-in-suit require three telescopic sleeves. The Accused Products with ASINs BOF7XWY6HV and BOF7XVQDN1 lack three telescopic sleeves.

24. The '066 patent claims a "rotatable component." Claims 1-9 of the patent-in-suit require a "rotatable component." All of the Accused Products lack a rotatable component.

25. Each claim of the patent-in-suit requires, at least, one element or limitation that is missing from the Accused Products, thus making the Accused Products non-infringing by law.

## DEFENDANTS' UNLAWFUL ACTIVITIES

26. On October 28, 2025, the USPTO issued the '066 Patent.

27. Defendants purport to own all right, title, and interest in the '066 Patent, including the right to license, sell, and enforce the patent-in-suit.

28. Defendants know or should have known that the Accused Products do not infringe any claim of the '066 patent.

29. HK Gelite's attempts to resolve the dispute using the APEX process have been rebuffed.

30. Notwithstanding attempts by HK Gelite's counsel to contact Defendants regarding Defendants' infringement allegations and demanding that Defendants cease and desist, Defendants never responded to HK Gelite.

31. Circumventing the time and expense of litigating in district court under 35 U.S.C. § 281 and thereby depriving Plaintiff of its due process rights to defend itself, Defendants are purposely using Amazon's IP policies as a sword to prevent a competitor from selling its products.

32. Defendants' course of conduct is not warranted under law, has anticompetitive effects on the market, and restrains Plaintiff's ability to compete fairly.

### FIRST CLAIM FOR RELIEF
**(Declaratory Judgment That HK Gelite Does Not Infringe the '066 Patent)**

33. Plaintiff repeats and realleges each allegation above as if fully set forth herein.

34. Plaintiff has not been making, using, selling, offering to sell, or importing any product that contains each and every element and limitation of any claim of the '066 Patent.

35. Plaintiff has not infringed, directly or indirectly, any claim of the '066 patent either literally or under the doctrine of equivalents.

36. Defendants' patent infringement allegations regarding the '066 patent have caused and, unless restrained and enjoined, will continue to cause irreparable harm to Plaintiff that cannot be adequately quantified or compensated by monetary damages alone for which there is no adequate remedy at law.

32. Plaintiff is entitled to declaratory judgment adjudicating that the patent-in-suit is not infringed by Plaintiff and enjoining Defendants from continuing their patent assertion campaign against Plaintiff in California and elsewhere.

33. An actual case or controversy exists between Plaintiff and Defendants based on Defendants' wrongful assertion of patent infringement against Plaintiff,

forming a justiciable controversy between the parties that is ripe for determination as to the '066 Patent.

## PRAYER FOR RELIEF

Plaintiff respectfully requests the following relief:

A. A judgment declaring that the manufacture, use, offer for sale, sale, and/or importation of Plaintiff's products have not infringed and will not infringe, directly or indirectly, literally or under the doctrine of equivalents, any valid claim of the '066 patent;

B. An order enjoining Defendants from further enforcement of the '066 patent against Plaintiff and requiring Defendants to retract their takedown request to Amazon.

C. An order enjoining Amazon from disposing of Plaintiff's inventory.

D. An order to Amazon to reinstate the links to Plaintiff's products that were taken down as a result of Defendants' complaint to Amazon.

E. An order that this case is exceptional under 35 U.S.C. § 285 and awarding Plaintiff its attorneys' fees, costs, and expenses incurred in this action;

F. An order awarding Plaintiff any and all other relief to which Plaintiff may show itself to be entitled; and

COMPLAINT FOR DECLARATORY JUDGMENT OF
PATENT NON-INFRINGEMENT                                                                 11

G. Such other and further relief as this Court may deem just, equitable, and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a jury trial under Federal Rule of Civil Procedure 38 and Central District of California Local Rules, Rule 38-1.

Dated: February 9, 2026

**THE GIKKAS LAW FIRM, P.C.**

*/s/ Nicolas S. Gikkas*
Nicolas S. Gikkas (SBN 189452)
nsg@gikkaslaw.com
Stanley H. Thompson, Jr. (SBN 198825)
st@gikkaslaw.com
800 W. El Camino Real, Suite 180
Mountain View, California 94040
T: (650) 815-7085
F: (650) 618-2600

*Attorneys for Plaintiff*
*HK Gelite Intelligent Technology Ltd.*