Nicolas S. Gikkas (SBN 189452)
nsg@gikkaslaw.com
Stanley H. Thompson, Jr. (SBN 198825)
st@gikkaslaw.com
**THE GIKKAS LAW FIRM, P.C.**
800 W. El Camino Real, Suite 180
Mountain View, California 94040
Telephone: (650) 815-7085
Facsimile: (650) 618-2600

*Attorneys for Plaintiff*
*HK Gelite Intelligent Technology Ltd.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HK GELITE INTELLIGENT TECHNOLOGY LTD., <br><br> Plaintiff, <br><br> v. <br><br> JOLUX LIGHTING LLC and FUJIAN YDJ LIGHT CO., LTD., <br><br> Defendants. | Civil Action No. 2:26-cv-01399-JSL-E <br><br> **NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST JOLUX LIGHTING LLC; MEMORANDUM OF POINTS AND AUTHORITIES** <br><br> Hon. Josephine L. Staton <br><br> Date:  May 15, 2026 <br> Time:  10:30 a.m. <br> Crtrm:  8A, 8th Floor <br><br> Complaint Filed: February 10, 2026 |

NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES
1

# Table of Contents

MEMORANDUM OF POINTS AND AUTHORITIES.....................................................5

I.    INTRODUCTION ...............................................................................................5

II.   ALL OF THE FACTUAL ALLEGATIONS IN THE COMPLAINT ARE
      DEEMED ADMITTED. ......................................................................................7

III.  THE COMPLAINT STATES A CAUSE OF ACTION FOR DECLARATORY
      RELIEF FOR NON-INFRINGEMENT. ...............................................................9

   A.   HK Gelite Has Alleged a Basis for the Court to Award Declaratory Relief for
   Non-Infringement...................................................................................................9

   B .   The Accused Products Do Not Infringe As A Matter of Law and Fact. .........11

      1.   The '066 Patent Claims Require a "Rotatable Component." ..........................11

      2.   A Comparison of The Accused Products with the Claims in the '066 Patent
   Establishes that There is No Infringement Because There is No "Rotatable
   Component." ..........................................................................................................14

IV.  THE COURT SHOULD ENTER DEFAULT JUDGMENT DECLARING THAT
     HK GELITE'S ACCUSED PRODUCTS DO NOT INFRINGE THE '066
     PATENT. ............................................................................................................19

CERTIFICATE OF COMPLIANCE........................................................................21

CERTIFICATE OF SERVICE ................................................................................22

# Table of Authorities

**Cases**

*Cripps v. Life Ins. Co. of N. Am.*, (9th Cir. 1992)
  980 F.2d 1261, 1267 ....................................................................................7

*Doe v. Qi*, (N.D. Cal. 2004)
  349 F.Supp.2d 1258, 1272 ...........................................................................7

*Geddes v. United Fin. Group*, (9th Cir. 1977)
  559 F.2d 557 ...............................................................................................7

*Mas-Hamilton Group v. LaGard, Inc.*, (Fed. Cir. 1998)
  156 F.3d 1206 ............................................................................................11

*Medimmune, Inc. v. Genentech, Inc.*, (2007)
  549 U.S. 118, 127 ........................................................................................9

*PepsiCo, Inc. v. California Security Cans.*, (C.D. Cal. 2002)
  238 F.Supp.2d 1172 .....................................................................................7

*Phillips v. AWH Corp.*, (Fed. Cir. 2005)
  415 F.3d 1303 ..............................................................................................7

*Seachange Int'l, Inc. v. C-COR Inc.*, (Fed. Cir. 2005)
  413 F.3d 1361 ............................................................................................11

*Super Sack Mfg. Corp. v. Chase Packaging Corp.*, (Fed. Cir. 1995)
  57 F.3d 1054................................................................................................10

*Voter Verified, Inc. v. Premier Election Solutions, Inc.*, (Fed. Cir. 2013)
  698 F.3d 1374 ............................................................................................12

*Wolverine World Wide, Inc. v. Nike, Inc.*, (Fed. Cir. 1994)
  38 F.3d 1192 ..............................................................................................11

**Statutes**

Fed.R.Civ.Proc 8(b)(6) ....................................................................................7

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE THAT** on May 15, 2026, at 10:30 a.m., or as soon thereafter as the matter may be heard, plaintiff HK Gelite Intelligent Technology, Ltd. ("HK Gelite" or "Plaintiff") will and hereby does move for entry of a default judgement for a declaration that Plaintiff's lighting products do not infringement defendant Jolux Lighting LLC's ("Defendant Jolux") U.S. Patent No. 12,455,066 ("the '066 Patent" or "the patent-in-suit") in Courtroom 8A of the above-entitled court located at 312 N. Spring Street, Los Angeles, California.

This Motion follows the Clerk's Entry of Default on March 24, 2026 (ECF 20). The Complaint for Declaratory Relief was filed on February 10, 2026 (ECF 1). On February 20, 2026, HK Gelite served Jolux with a copy of the Summons, Complaint and other papers related to HK Gelite's Ex Parte Application for a Temporary Restraining Order by way of substitute service through Secretary of State for the State of Wyoming. Dkt. Nos. 17, 17-1, 17-2, 17-3 and 17-4; Gikkas Decl. at ¶¶ 3, 4. HK Gelite submitted a notice evidencing this service with *inter alia*, a supporting declaration on February 25, 2026. *Id.* Judgment should be entered because all of the allegations set forth in the Complaint are deemed admitted, and Plaintiff is entitled to judgment as a matter of law.

This Motion is based on this Notice of Motion and Motion, the Memorandum of Points and Authorities attached hereto, the Declarations of Nicolas S. Gikkas, filed concurrently herewith, and such other and further evidence and argument as may be presented at the hearing on the Motion.

Dated:  April 10, 2026                    THE GIKKAS LAW FIRM, P.C.

                                          */s/ Nicolas S. Gikkas*
                                          Nicolas S. Gikkas


## MEMORANDUM OF POINTS AND AUTHORITIES

### I.  INTRODUCTION

Plaintiff HK Gelite Technology, Ltd. ("HK Gelite" or "Plaintiff") filed this Declaratory Judgment Relief Action after its primary sales channel on Amazon's virtal storefront was closed by patent enforcement efforts by Defendants in this District.  HK Gelite received a first notice from the Amazon Patent Evaluation Program ("APEX") on or about November 4, 2025, of an allegation from one of the patent owners of the '066 patent.  (Jia Decl, Exh. A (ECF 9-2)) and a second notice on or about November 26, 2025, that the accused products were taken down from Amazon's virtual storefront (Jia Decl., Exh. B (ECF 9-3)).[1]  The accused products were scheduled to be removed

---

[1] The "rights owner name" is identified by Amazon as "Jolux" and the "rights owner email" is identified as zhengliping4408@dinktalk.com.

from Amazon's warehouses in this District or disposed of by February 24, 2026 (Jia Decl., Exh. N (ECF 9-15), Exh. O (ECF 9-16)).

On February 10, 2026, HK Gelite sought relief by filing its Notice of Ex Parte Application for a TRO and supporting papers.  (ECF 7, 8, 9).  The events leading up to the Application are described in the briefs filed with the Court.  (ECF 9 at pp. 7-9).  On February 13, 2026, the Ex Parte Application was denied.  (ECF 16).

On February 20, 2026, Defendant Jolux was properly served with the Complaint via substitute service on the Wyoming Secretary of State and failed to timely respond (ECF 17).

HK Gelite now seeks default judgment based on the facts pleaded in the Complaint.  Among other things, the Complaint alleges that HK Gelite's accused products do not infringe the '066 patent because (1) each of HK Gelite's accused products do not have a rotatable component, and (2) two of HK Gelite's accused products do not have three telescopic sleeves.  Complaint, ¶¶ 23, 24.

HK Gelite requests that the Court enter judgment consistent with the relief sought in the Complaint and declare that HK Gelite's accused products do not infringe the '066 patent.

## II. ALL OF THE FACTUAL ALLEGATIONS IN THE COMPLAINT ARE DEEMED ADMITTED.

A court may enter judgment against parties whose default has been taken pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. *See PepsiCo, Inc. v. California Security Cans.*, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002). Once a party's default has been entered, the factual allegations of the complaint, except those concerning damages, are deemed to have been admitted by the non-responding party. *See* Fed.R.Civ.Proc 8(b)(6); *see also, e.g., Geddes v. United Fin. Group*, 559 F.2d 557, 560 (9th Cir. 1977). The Court must still consider whether unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law. *Cripps v. Life Ins. Co. of N. Am.*, 980 F.2d 1261, 1267 (9th Cir. 1992); *see also Doe v. Qi*, 349 F.Supp.2d 1258, 1272 (N.D. Cal. 2004) ("[Although] the factual allegations of [the] complaint together with other competent evidence submitted by the moving party are normally taken as true . . . this Court must still review the facts to insure that the Plaintiffs have properly stated a claim for relief.").

Before a court can enter default judgment, the plaintiff must satisfy the procedural requirements for default judgments set forth in Rules 54(c) and 55, and Local Rule 55-1. Rule 54(c) requires that the default judgment not be different in kind from that prayed for in the demand. Rule 55(a) requires the clerk to enter a party's default if they fail to plead or otherwise defend the case. Rule 55(b)(2) requires service

on the defaulting party only if the party appeared in the action.  Finally, Local Rule 55-1 requires that a party moving for default judgment submit a motion (1) indicating when and against which party default has been taken; (2) identifying the pleadings as to which default has been entered; (3) indicating whether the defaulting party is an infant or incompetent person; (4) stating that the Servicemembers Civil Relief Act, 50 App. U.S.C. § 521, does not apply; and (5) affirming that notice has been served on the defaulting party if required by Rule 55(b)(2).

HK Gelite meets all of the procedural and substantive requirements for default judgment.  (1) Defendant Jolux was served with the Summons and Complaint and other documents on file in this action on February 20, 2026; (2) the Clerk entered the default against Defendant Jolux for failing to answer or respond on March 13, 2026; (3) Defendant Jolux is organized as a limited liability company and not a minor or incompetent lacking adequate representation; (4) Defendant Jolux is not in the military or otherwise exempt and thus the Servicmembers Civil Relief Act, 50 App. U.S.C. § 521, does not apply; and (5) although not required because no appearance was made, Defendant Jolux was served with Notice of the Entry of Default (*See* Certificate of Service, ECF 19), as well as this Motion for Default Judgment (*See* Certificate of Service).  HK Gelite has received no response of any kind from Defendants.

Finally, HK Gelite seeks entry of a default judgment consistent with the claim for relief set forth in the Complaint.  Complaint, p. 11.  The Court should enter a default judgment declaring that HK Gelite's accused products do not infringe the '066 patent.

## III.    THE COMPLAINT STATES A CAUSE OF ACTION FOR DECLARATORY RELIEF FOR NON-INFRINGEMENT.

HK Gelite seeks a declaration that its accused products do not infringe the '066 patent.  This requires that HK Gelite plead facts establishing that there is no patent infringement.

### A. HK Gelite Has Alleged a Basis for the Court to Award Declaratory Relief for Non-Infringement.

In order to state a claim for declaratory relief, the threshold question is "whether the facts alleged, under all circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Medimmune, Inc. v. Genentech, Inc.,* 549 U.S. 118, 127 (2007).  HK Gelite established that there is a present case or controversy.

Plaintiff specifically alleges that there is an actual controversy between it and Defendant Jolux concerning whether HK Gelite's accused products infringe the '066 patent.

Complaint at ¶ 10.[2]  HK Gelite alleges that Defendant Jolux is co-owner of the '066 patent. Complaint at ¶ 14.  Defendant Jolux used third-party Amazon to enforce the '066 patent, leading to the removal of HK Gelite's products from Amazon's virtual storefront and a deadline for the physical removal of the Accused Products stored in Amazon's warehouses in this District.  Complaint at ¶¶ 9-12.  As a result, HK Gelite sought relief by filing its Notice of Ex Parte Application for a TRO and supporting papers.  (ECF 7, 8, 9).  On February 13, 2026, the Ex Parte Application was denied.  (ECF 16).  On February 12, 2026, after receiving an email attaching the Ex Parte Application and supporting papers, Defendant Jolux responded by email to counsel for HK Gelite, announcing its intention to withdraw its Amazon complaint against HK Gelite's Accused Products.  Gikkas Decl. at ¶¶ 5, 6.  Notwithstanding the foregoing, there is no indication that Defendant Jolux will not repeat its tactics of using Amazon to once again take down the Accused Products on Amazon's virtual storefront and to remove HK Gelite's products from Amazon warehouses in this District.  Defendant Jolux has not executed a covenant not to sue or equivalent paper to divest this Court of declaratory judgment jurisdiction.  *See Super Sack Mfg. Corp. v. Chase Packaging Corp.*, 57 F.3d 1054, 1058 (Fed. Cir. 1995) ("a patentee defending against an action for a declaratory judgment of invalidity can divest the trial court of jurisdiction over the case by filing a covenant not to assert the patent at issue against the

---

[2] The products removed are identified by the following Amazon Standard Identification Numbers ("ASINs"):  B0F48HP748, B0DQLCBP79, B0F7XWY6HV and B0F7XVQDN1 ("the Accused Products").

putative infringer with respect to any of its past, present, or future acts"). Once bitten, twice shy, HK Gelite is right to want to dispel the cloud of litigation threatened by Defendant Jolux. These facts establish the existence of a case or controversy.

### B. The Accused Products Do Not Infringe As A Matter of Law and Fact.
#### 1. The '066 Patent Claims Require a "Rotatable Component."

The '066 patent is directed to "[a] multi-stage adjustable telescopic lamp" and is similarly titled. *See* the '066 patent (Abstract). The '066 patent has nine claims with two independent claims, claims 1 and 8, from which all other claims depend. Determining whether an accused product infringes a patent claim involves a two-step process. *Seachange Int'l, Inc. v. C-COR Inc.*, 413 F.3d 1361, 1377 (Fed. Cir. 2005). First, the court must construe the claims. *Id.* Second, the court must compare the construed claims to an allegedly infringing device. *Id.* Patent claims are generally given their "plain and ordinary meaning" as understood by a person of ordinary skill in the art, with the patent specification being the guide. *See Phillips v. AWH Corp.*, 415 F.3d 1303 (Fed. Cir. 2005) (en banc).

"To prove literal infringement, the patentee must show that the accused device contains every limitation in the asserted claims. If even one limitation is missing or not met as claimed, there is no literal infringement." *Mas-Hamilton Group v. LaGard, Inc.*, 156 F.3d 1206, 1211 (Fed. Cir. 1998) (citations omitted); *Wolverine World Wide, Inc. v. Nike, Inc.*, 38 F.3d 1192 (Fed. Cir. 1994). If a lamp product does not contain a

limitation in claim 1 and claim 8, it not only does not infringe those claims, but it cannot infringe any of the nine claims. *See Voter Verified, Inc. v. Premier Election Solutions, Inc.*, 698 F.3d 1374, 1383 (Fed. Cir. 2013) ("because they do not infringe those independent claims, Defendants also cannot infringe associated dependent claims 2–24 and 26–48 as a matter of law").

As recited below, independent claims 1 and 8 require the limitation that "the outer frame is connected to the lamp body by means of a rotatable component."

> wherein the lighting unit is provided inside the lamp body, the outer frame is connected to the lamp body by means of a rotatable component, and a top of the outer frame is connected to a bottom of the third telescopic sleeve;

*See* Claim 1 at Col. 8, lines 30-33; Claim 8 at Col. 9, lines 17-20.

Both independent claims 1 and 8 recite this limitation, and thus it is part of every claim that depends on claims 1 and 8 – claims 2 through 7 and claim 9, respectively. This rotatable component is identified as "**9**" in the patent figures. According to the '066 specification:

> Referring to FIG. **1** to FIG. **8**, in some embodiments of the present disclosure, a multi-stage adjustable telescopic lamp is provided, including a screw base **1**, a first telescopic sleeve **2**, a second telescopic sleeve **3**, a third telescopic sleeve **4**, a fixed component **5**, an outer frame **6**, a lighting unit **7**, a lamp body **8**, and a rotatable component **9**.

The '066 patent, Col. 5, lines 60-65.

The parts of the lamp body are shown below in FIG. 2 and FIG. 3 of the '066 patent with the outer frame **6** connecting to the lamp body **8** by way of rotatable component **9**:



FIG. 2



FIG. 3

The '066 patent describes several ways of connecting the outer frame to the rotatable component:

> Preferably, the rotating component comprises an annular flange and an annular groove.
> Preferably, the annular flange is disposed on the top of the outer frame, and the annular groove is disposed on an inner side of the bottom of the third telescopic sleeve.
> Preferably, the rotatable component comprises rotation shafts disposed on both sides of a center cavity of the outer frame, and the lamp body is rotated around the rotation shafts.

The '066 patent, Col. 2, lines 18-26 (Summary).

According to the '066 patent specification, illumination angles can be changed, as follows:

> The lighting unit **7** is provided inside the lamp body **8**, and the outer frame **6** is connected to the lamp body **8** by means of the rotatable component **9**, this allows the lamp body **8** to be deflected within the outer frame **6**, which can change illumination angles of the lamp body **8**, thus facilitating adjustment of the illumination angles. The lighting unit **7** is

The '066 patent, Col. 5, lines 18-23.

A visual examination of the Accused Products is all it takes to show that these products could not possibly infringe the '066 patent.

**2. A Comparison of The Accused Products with the Claims in the '066 Patent Establishes that There is No Infringement Because There is No "Rotatable Component."**

This is not a complicated case.  Giving the terms "outer frame," "lighting unit," "lamp body," and "rotatable component" their plain and ordinary meaning as described

in the specification and figures of the '066 specification, there can be no infringement.[3] As clearly shown in the photos below, the Accused Products do not have an "outer frame" connected to a "lamp body" by means of a "rotatable component" and thus cannot infringe.

The photo below shows that HK Gelite products identified by ASINs B0F7XWY6HV and B0F7XVQDN1 have an "outer frame" and "lamp body" connected with four screws. *See* Xue Decl. at ¶ 7 (ECF 9-17).



[3] For the Accused Products, the "lighting unit" and "lamp body" are essentially the same component. Regardless, the '066 patent claims are not infringed because this component is not connected to the outer frame by a rotatable component.





B0F7XWY6HV and B0F7XVQDN1

Furthermore, these two products have only two "telescopic sleeves," not three telescopic sleeves as required by the claims. *Id.*

The photo below shows that the HK Gelite products identified by ASINs B0F48HP748 and B0DQLCBP79 have an "outer frame" and "lamp body" connected with three screws.  *See* Xue Decl. at ¶ 8 (ECF 9-17).







B0F48HP748 and B0DQLCBP79

Defendants could not in good faith have asserted patent infringement against HK Gelite's products.  It is hornbook patent law that without the limitation of "a rotatable component" being present in HK Gelite's Accused Products an allegation of infringement fails because every element in a patent claim must be present for a finding of infringement.  As discussed above, if an express limitation is absent from an accused product, there can be no literal infringement as a matter of law.

Accordingly, because Defendants cannot meet their burden to show evidence supporting *every element* of claims 1-9 of the '066 patent, the facts support a finding that HK Gelite's Accused Products do not infringe as a matter of law.

## IV.    THE COURT SHOULD ENTER DEFAULT JUDGMENT DECLARING THAT HK GELITE'S ACCUSED PRODUCTS DO NOT INFRINGE THE '066 PATENT.

As set forth above, Defendant Jolux was properly served with the Summons and Complaint and default was entered by the Clerk.  All of the facts alleged in the Complaint are taken as true.  HK Gelite has alleged (1) Defendant Jolux is the co-owner of the '066 patent; (2) Defendant Jolux accused HK Gelite of infringing the '066 patent and took steps to enforce the '066 patent in this District; (3) HK Gelite identified specific elements of each and every claim in the '066 patent that are not present in the Accused Products; and (4) HK Gelite requested a declaration by the

Court that its Accused Products do not infringe the '066 patent.  Accordingly, HK Gelite is entitled to a judgment by default declaring that the Accused Products do not infringe the '066 patent.

Dated:  April 10, 2026                    **THE GIKKAS LAW FIRM, P.C.**

*/s/ Nicolas S. Gikkas*
Nicolas S. Gikkas (SBN 189452)
nsg@gikkaslaw.com
Stanley H. Thompson, Jr. (SBN 198825)
st@gikkaslaw.com
800 W. El Camino Real, Suite 180
Mountain View, California 94040
T: (650) 815-7085
F: (650) 618-2600
*Attorneys for Plaintiff*
*HK Gelite Intelligent Technology Ltd.*

## **CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for HK Gelite Intelligent Technology Ltd., certifies that this brief contains 2,184 words, which complies with the word limit of L.R. 11-6.1.

/s/ *Nicolas S. Gikkas*
Nicolas S. Gikkas

## CERTIFICATE OF SERVICE

The undersigned certifies that on April 10, 2026, all parties are being served with a copy of the foregoing **NOTICE OF MOTION AND MOTION FOR ENTRY OF DEFAULT JUDGMENT; MEMORANDUM OF POINTS AND AUTHORITIES** in the manner set forth below:

On information and belief, Jolux Lighting LLC does not currently have an agent for service of process and is being served through the Wyoming Secretary of State pursuant to WY Stat. § 17-28-104 (e) by placing a true copy of the foregoing document and its attachments in a sealed envelope addressed to

> Jolux Lighting LLC
> c/o Wyoming Secretary of State
> Herschler Building East
> 122 West 25th Street, Suite 101
> Cheyenne, WY 82002

and depositing the same with the United States Postal Service with first-class prepaid postage.

Fujian YDJ Light Co., Ltd. is being served by mail by placing a true copy of the foregoing document and its attachments in a sealed envelope addressed to

> Fujian YDJ Light Co., Ltd.
> Zhenfeng Industrial Zone
> Xiangqian Town, Minhou County
> Fuzhou, Fujian  35001
> China

and depositing the same with the United States Postal Service with prepaid international postage. Additionally, Fujian YDJ Light Co., Ltd. is being provided with a copy of the foregoing document via email at zhengliping4408@dingtalk.com.

/s/ Nicolas S. Gikkas